Case number 14-1155, Anthony W. Perry, Petitioner v. Merit Systems Protection Board. Ms. Tableson for the amicus curiae, Mr. Fung for the respondent. May it please the Court, Rebecca Tableson, appointed amicus supporting petitioner. I'd like to reserve two minutes for rebuttal. Just a few years ago, the unanimous Supreme Court explained that the Civil Service Reform Act, quote, routes in crystalline fashion all mixed cases from the MSPB to the District Court. The Act creates no exceptions to that rule based on how the Board disposes of an employee's mixed case appeal. If the Board dismisses a mixed case on the merits, it goes to the District Court. You've read the oral argument in that case, I take it. I have, Your Honor. It seemed to me that at least for two of the Justices and the one who wrote for the Court, it did make a difference that they weren't dealing with the jurisdictional issue that this case arises, right? That was an important part of the argument. I agree, Your Honor, that Kleckner appropriately addressed only the issue before the Court, which was a procedural dismissal. Well, it was more than that. I mean, we don't want to read too much into the questions, but it seemed to be more than just that that was the issue before the Court. There seemed to be a distinction in the arguments between the jurisdictional issue and the procedural issue and the jurisdictional issue might have more of a statutory hook, but they didn't reach it. It's clear, right, from the argument that Kleckner or Kleckner, however you pronounce it, was not reaching this issue. Would you agree with that? Justice Kagan's questions at oral argument do indicate she did ask the Petitioner's counsel, if I disagree with you about jurisdictional dismissals, can I still rule in your favor? And he said that they could. But notably, both of the parties in Kleckner agreed that it made no sense to distinguish between procedural and jurisdictional dismissals. But more importantly, though, if Kleckner didn't decide the issue, then aren't we bound by our prior decision in Powell? Powell did concern a mixed case dismissed on jurisdictional grounds, but Powell has been abrogated by Kleckner. How so? If Kleckner didn't decide the issue, then doesn't he reserve the issue? It's because the reasoning in Kleckner is inconsistent with the reasoning of Powell. Powell followed Valentine, which is the Federal Circuit's guiding principle. Has any other court of appeals accepted your invitation to push down this last vestige of the threshold merits distinction? Anyone else done that? No other court of appeals has considered it other than the Federal. You want us to be the first, right? In addition to Judge Dyke's dissent in Conforto, yes, Your Honor. He was in the minority there. Yes, that's true. This is the second court to consider the issue. There is no other circuit court precedent on point since Kleckner. I'm sorry. Correct me if I'm wrong. Did the Tenth Circuit in Harms decide procedural and jurisdictional could be different before Kleckner? Yes, correct. The Tenth Circuit in Harms and the Second Circuit in Downey. But, Your Honor, for the same reason that I think Conforto was wrong under Kleckner, those opinions were abrogated by Kleckner. And, in fact, the statutory interpretation that the government advanced in Kleckner, which was the interpretation the Federal Circuit had adopted in Valentine, would have covered both procedural and jurisdictional dismissals and sent them both to the Federal Circuit. The Supreme Court unequivocally rejected that. So I'm familiar with the statutory interpretation advanced by the government in Kleckner. Yes, Your Honor. I remember listening to arguments in Kleckner. In order for us to conclude that Kleckner affords a basis to get out from under Powell, you'd have to show that Kleckner necessarily dealt with jurisdiction even though, by terms, it didn't deal with jurisdiction. I disagree, Your Honor. I think that if the reasoning of Kleckner is inconsistent with the reasoning of Powell, then this court and this panel has the power to recognize that Powell is no longer good law. This court is not often reversed by the Supreme Court, but there are examples of panels of this court holding that a prior panel opinion is no longer good law in light of an intervening Supreme Court decision with different reasoning. Two examples are… Let me ask you this another way, then. If we thought there were a basis for distinguishing between jurisdiction and procedure, then we'd be hard-pressed to say that Kleckner cast doubt on Powell to an extent that we'd deem one of our precedents no longer good. If you agree with the government's approach here, then you could simply follow it without discussing Powell one way or the other. Right, but that assumes that Powell doesn't even exist because, as far as I can tell, the government… I don't even know if Powell's cited in the government's brief. That's correct. But we're starting with the foundation that we have Powell as a decision on our books. That's a holding that binds us. Yes. Unless something comes along and tells us that Powell is no longer good law. Yes. And, Your Honor, I believe that Kleckner does exactly that. But none of the cases cited in Kleckner dealt with jurisdiction. They were all the procedural. They were very careful about that. That's true. Maybe he assumed some bravery on the part of… Well, maybe he has some bravery here, but you've got a chicken here. You've mentioned that rarely does the Supreme Court overturn this, but they do, and I have scars to show it. It seems to me you're asking us to do something rather extraordinary with no hint from the Supreme Court. By the way, we don't act on hints from the Supreme Court, right? We act on direction from the Supreme Court. For example, it would take an iron's footnote for us to do this, right? Well, Your Honor, I do think an iron's footnote could be appropriate in this situation, but it's certainly not required. This panel has the undisputed authority to find a prior panel precedent invalid in light of intervening Supreme Court precedent. And, you know, two cases in which the Court has done so, based on the reasoning undermining, not the direct holding of the intervening Supreme Court, is Kauffman v. Anglo-American School of Sofia, 28 F. 3rd, 1223, and Koritzky v. Herman, 178 F. 3rd, 1315. Those are both panel opinions recognizing that the reasoning, although not per se the direct holding of an intervening Supreme Court opinion, makes invalid a prior panel opinion. How clear was it in those cases? If it's debatable between reasonable jurists as to whether the Supreme Court's prior decision addressed jurisdiction, then can we say it's abrogated? I believe you can, Your Honor. One of those cases, Kauffman, I believe, actually has a dissent, arguing that the Supreme Court's intervening opinion did not directly abrogate the prior panel decision. You know, I'm talking about the interpretive question. In Conforto, we have a dissent and then two other judges who read the Supreme Court decision as reserving, leaving, and not affecting this jurisdictional inquiry because you're interpreting a different statutory provision. So what do I do with the fact that reasonable minds can debate this? Well, that's true, Your Honor, but notably in Conforto, the Federal Circuit had to redo entirely its interpretation of 7702 because the interpretation that the Federal Circuit's prior precedent had used in Valentine was squarely and unequivocally rejected by Klockner. But the reality is that you're fighting about different, it was judicially reviewable action was where all the action was in Klockner. And here, we're simply talking about whether something can be appealed, is appealable to the board. It's just different statutory text. And jurisdiction is different than procedure. Well, Your Honor, on that point, the difference between jurisdiction and procedure in the context of the MSPB's decisions is actually somewhat elliptical. The government described it in Klockner as, quote, difficult and unpredictable. And in the city of Arlington just a year later, the Supreme Court explained that it's usually a waste of judicial mental energy to attempt to distinguish between jurisdictional and non-jurisdictional rules in the context of administrative action. So can I ask you this, though, on the distinction between jurisdiction and procedure? So suppose I thought there was a plausible statutory textual basis for distinguishing between timeliness slash procedural rulings and jurisdictional rulings that mean that the MSPB could have never taken the case in the first place. If I thought that, then, and I think you're going to probably tell me that there isn't one. But if I thought that, then it seems to me that I'm bound by power. Well, Your Honor, as an amicus of the court, I can tell you that if you look only at 7702A1A, ignore the rest of Section 7702, and ignore any procedural implications, then there is a plausible statutory interpretation, and that's the one the government has advanced. No, I have a different one. Can I suggest a different one? Yes, please. Maybe it's either less plausible or more plausible. You can tell me. But A1A talks about actions that may be appealed. Right, so that's the key text. Yes. And then if you're looking at, since this talks about an action that may be appealed, it seems to me that the time for judging whether something can be appealed is at the time of the action. And the difference between timeliness and jurisdictional rulings is that at the time of the action, the jurisdictional one could never be appealed because, by hypothesis, it was voluntary. It could never be appealed. But at the time of the action, it can be appealed as against procedure. It's just that something happens later. Somebody fails to file on time or somebody doesn't wait long enough to file, but it actually may be appealed. So if you look at it at the time of the action, it seems to me that the statute actually supports a distinction between timeliness slash procedural rulings and jurisdictional rulings. Now, that's not the argument that the government makes. They make a different textual one, and we can argue about the bona fides of that one. But as to this one, what do you think about that? Well, Your Honor, if I'm understanding you correctly, I mean, we're focusing on the word action here. And to a certain extent, the government does allude to that in its brief, but I agree it's a different argument. One of the problems with that approach is that the board's jurisdictional dismissals do not necessarily concern the type of action that the employee has actually suffered. The board sometimes dismisses for, quote, jurisdictional grounds because of timeliness issues or because, for example, Jones v. MSPB, a 2014 federal circuit case, the employee has failed to raise a specific discrimination claim in a prior negotiated grievance procedure. So even under that approach, the statutory interpretation doesn't quite line up with what the government wants to do here. But I guess I could at least reach the following conclusion based on that approach, which is that timeliness rulings, which is what Kleckner was about and what Ballantyne was about and a lot of the procedural cases about are different because timeliness turns on something that happens after the action. Whereas for things that are already baked in as of the time of the action, they may not be appealed. Well, Your Honor, those things are often in dispute, and I think what... Sure. So you don't know the answer to it until you go through the process to determine, for example, in this case, whether it in fact was voluntary or involuntary. But the way we look at these things is that that's just figuring out what in fact was the state of play at the time the action was taken. Well, Your Honor, I think the problem, if you don't know the answer at the time that the employee files the case, is that the rest of 7702 becomes difficult to understand. And you can see this. I realize I'm out of time if I just finish answering. If you can see this best at 7702E, which gives the employee the immediate right of appeal to the district court if the board does absolutely nothing with his mixed case within 120 days. So what 7702E reflects is that whether or not an action is mixed and satisfies 7702A must be ascertainable at the time of filing based entirely on the employee's allegations without regard to how the MSPB would ultimately adjudicate those allegations. Congress, in other words, sent to the district court mixed cases based on whether the employee had alleged the elements of 7702A. On Judge Srinivasan's reading, I would have thought you would have said that at the time of the action, your client thought this was, in fact, a qualifying action because at the time he submitted his papers, he felt coerced to do so. Certainly. I completely agree with that statement, Judge Millett, and perhaps I wish I had said that. No, but it turns out to be wrong. He might have thought it, but that's the purpose of the appeal is to figure out whether that's right. And it turns out it's wrong. No? Am I missing something? No, it turns out that the board disagreed with him, and, of course, Mr. Perry has a colorful claim that that was incorrect. But my argument is that regardless of what the board ultimately thinks of his allegation, we must be able to determine whether 7702A is satisfied based on that allegation in order for the rest of 7702 to make sense. I don't know from the courts, but I don't know from the board, normally you determine jurisdiction at the time an action is filed. In doing that, are we supposed to take, I have no idea, the facts, and I haven't been able to find the answer, the facts in the light most favorable to the plaintiff to see whether we have jurisdiction? Is it your position that at the time he filed his action, taking the facts in the light most favorable to him, his allegations, the action was one that was available to the board? Well, Your Honor, the board has, as you sort of suggested, a somewhat different procedure for assessing its own jurisdiction than the federal courts. First, it assesses whether the petitioner has made, quote, a non-frivolous allegation that could support jurisdiction. And if it finds that, then it actually conducts an entire evidentiary hearing at which the employee has the burden to prove by a preponderance of the evidence that the board does have jurisdiction over his case. Courts do that sometimes, too. Yes, a preliminary jurisdictional hearing, for example. But in those hearings, do you not take the facts in the light most favorable to? That's what I'm trying to figure out, is the hard cases are like this one, or constructive discharge, where jurisdiction and the merits are intertwined. Yes. They're very much, notwithstanding Judge Bryson's attempt to separate them out, they're very much the same inquiry. And so that's what I'm trying to figure out, how or when that determination should be made, and do you do it taking the facts in the light most favorable to the plaintiff or not? The board, on my understanding, does not take the facts necessarily in the light most favorable to the petitioner. The petitioner has the burden of proving jurisdiction, and I have not seen any reference in the MSPB's adjudications to putting that sort of thumb on the scale. Right, but normally the burden of proof, someone may have the burden of alleging in a complaint or burden of proof, but you do it in light of the facts taken in the light most favorable to them, and then to complete revisiting it and go through the entire hearing and at the end of the hearing go, no constructive discharge for our application of Title VII principles, therefore no jurisdiction. It seems odd. Yeah, I mean, I agree that it seems odd, and I agree with your suggestion that Judge Bryson's attempt to distinguish this in the conforto majority was incorrect. It's inevitable, and as the Federal Circuit has recognized, that the jurisdiction and the merits will be, quote, inextricably intertwined. I think that's a quote from a Federal Circuit opinion. They certainly were in this case, right? I mean, the jurisdictional inquiry sure looks like a merits inquiry. It does, and in a way that's why it's so bizarre to send, quote, jurisdictional dismissals to the Federal Circuit while procedural ones go to the District Court. Well, in the context of this type of jurisdictional issue, that's not true of all jurisdictional issues. It just so happens that this one, there's overlap. Well, Your Honor, that's true, but this will be true of the majority of constructive adverse action jurisdictional dismissals, because the question there is, is the alleged action actually voluntary? And in order to answer that question, the MSPB has to look at the circumstances that the employee claims made the action actually involuntary, even though it might look voluntary. But there might be all sorts of other jurisdictional issues that have nothing to do with voluntariness or involuntariness. That's true, Your Honor, that have nothing to do with whether it's an action at all, I suppose. Right. And in a sense, that's a different problem with the government's argument, because, again, the board's jurisdictional dismissals, that universe of cases, does not really line up with the action language necessarily in 7702A1A. Again, there are jurisdictional dismissals because, say, you failed to raise this issue in a prior procedure. And that is not going to have the merits intertwine the issue, but instead it has the issue of really having no link to the statutory text of 7702A1A. Is it that crazy to send jurisdiction to the Federal Circuit? Imagine your client had won before the board and the government wanted to appeal. Don't all the government appeals go to the Federal Circuit? In most cases, no, Your Honor. All the government ones don't? Oh. I have got 7703B1. I will confess it's a very complicated area, and who knows what I'm missing. But that looks to me like all their appeals go to the Federal Circuit. So it's not so crazy to think that even in mixed cases, jurisdiction might be decided by the Federal Circuit. Well, Your Honor, I'm sure my friend from the government can speak more accurately than me to the entire universe of MSPB appeals. But my understanding here is that 7703B2 sends cases of discrimination subject to the provisions of 7702, says here, shall be filed under the civil rights statutes that are then listed. And all of those civil rights statutes provide for jurisdiction in the district court. What's the reason for that? What do you think the statutory purpose is in that sort of distinction between sending some to the Federal Circuit and the discrimination cases to the district court? What's the reason for that? The reason for that is that Congress wanted the district court to adjudicate in the first instance difficult claims of discrimination. And it makes sense because the district court has the capability. So you're really just looking for a trier of fact in the district court. Exactly. And they don't get that in the Federal Circuit. Exactly. And another problem with the government's argument here is that, if I may just continue, I realize I'm over time. No, as long as we keep asking you questions. Thank you, Your Honor. Unfortunately, you have to stay up there. One other problem with the government's approach is that it can lead to bifurcated litigation in two different courts of those discrimination claims. And the reason for that is as follows. Under 29 CFR 1614.302, when the board dismisses a mixed case for lack of jurisdiction, those underlying discrimination claims do not simply die. Rather, they get routed back to the employing agency to get processed through the regular EEO procedures. When the employee reaches the end of the line in that process, he goes to the district court. Meanwhile, in the government's view, the employee should be appealing to the Federal Circuit the MSPB's dismissal of his case for lack of jurisdiction, a dismissal that is often inextricably intertwined with the merits of his underlying discrimination claims. So what we have here is an employee, often pro se, like Mr. Perry is here, forced to litigate his case in multiple different forms at the same time. None of that can be right, and it violates the Supreme Court's repeated and recent admission. That problem gets solved either way. If we say you go to the Federal Circuit, the problem is equally solved. Well, Your Honor, no, because he, under 29 CFR 1614.302, must pursue his underlying discrimination claims through the employing agency, the EEO procedures, and then to the district court. Couldn't take it to the Federal Circuit? The Federal Circuit has jurisdiction only for the petition for review of the board's decision, the administrative law appeal. So in this case, had he filed with the Federal Circuit, they couldn't have looked at the discrimination issue? No, Your Honor. If he said, oh, the board is right on, the board is wrong on jurisdiction. They would just remand to the board. But they would never, and then, all right. That's correct. By contrast, if he was able to go to the district court, then the district court could do all of those things. The district court can adjudicate, say, the Title VII claim de novo, and it can also conduct the petition for review of the MSPB's decision, as this court described in the Barnes case, describing how this would work if it was all in the district court. Wait. So in this case, if the board, if this goes to the Federal Circuit and the Federal Circuit overturns on the jurisdictional issue? Yes. What we're calling the jurisdictional, then it goes back to the board. And at that point, it can go to district court, though. Depending on what the board does with it. Right. That's true. But meanwhile, 29 CFR 1614 does not provide for tolling while the Federal Circuit adjudicates this issue. So I'm not Mr. Perry's attorney, so I don't want to speak to what exactly he's going to do. But an employee in Mr. Perry's situation would, to diligently pursue his rights, have to go back to the agency at the same time, follow the EEO process. When that gets wrapped up, go to the district court, all while he's arguing in the Federal Circuit. That simply cannot be right, especially when you consider this in light of the Supreme Court's explanations that administrative simplicity is key to a jurisdictional statute like this one. Yeah, that's an admission we should take into account to the extent we can. That may be a lost cause in this regime. But can I get back to the line of answers you were giving to Judge Millett's questions on jurisdiction? So it does seem odd that the way the board has conducted or configured the jurisdictional inquiry in this case doesn't give every benefit to the plaintiff. And there's things that need to be proved for jurisdictional purposes, and it goes beyond what we normally think of in jurisdiction, at least in the courts. But is there anything in the statute that prevents the board from just configuring jurisdiction in that way? In Garcia, the Federal Circuit in 2006 and Bank actually considered the board's procedures for adjudicating jurisdiction in cases like this. And it basically – Garcia was not precisely on that question – but it basically approved the board's – it gave the board some leeway to promulgate regulations that define how it will adjudicate these jurisdictional appeals, and it sanctioned the procedures that I described earlier to Judge Millett, where you have that non-frivolous allegation standard followed by a preponderance of the evidence standard to carry that hearing. So that does seem anomalous, but I don't – is there something in the law that prevents the board from configuring jurisdiction in a way that's just not unfamiliar to us in terms of the way jurisdiction is usually conducted? That just happens to be the way the board chose to do it. I believe – I cannot think of anything in the law right now that would prevent that. But the board has regulations, has promulgated regulations that say that the applicant – excuse me, the petitioner, the employee, has the burden of proof at this stage. I'm not aware of any plans to change those regulations or challenges to them pending at the moment. Okay. On the question of transferring this case, is it true that we have the power to transfer when nobody, including the plaintiffs, even contends that there's a colorable argument that we ever had jurisdiction? Yes, Your Honor. Normally someone – I think you have jurisdiction, but if I'm mistaken, transfer it here. But everyone's going, we know. Everybody agrees you don't have jurisdiction. It's like we're some jurisdictional interpleader going on here. We don't know where to go, so let's pick the D.C. Circuit and you tell us where to go. Yes, Your Honor. This is an unusual case for that reason. But 28 U.S.C. 1631 not only provides the court with the authority to transfer, and it does not differentiate between cases in which there is a colorable claim of this court's jurisdiction and ones in which there are not, it also says that the court shall transfer if the interests of justice so require. I don't understand there to be any dispute about that in this case. That is to say, the government has asked it for transfer to the federal circuit, not for dismissal, and we have asked for transfer to the district court. But to the extent Your Honor is concerned about that, the interests of justice here plainly support transfer. There is no suggestion that Mr. Perry filed in this court out of bad faith or in an attempt to gain some kind of procedural advantage. To the contrary, this has just been a long detour for him before he's able to obtain relief on his substantial claims. He was simply confused by this maze. It's also true that he filed in this court at a time when it was timely to file here, timely to file in the federal circuit, and timely to file in the district court. And it's possible that if he were to dismiss, he would face a timeliness issue in an attempt to refile. And, you know, in addition, this is... I was hoping you had a case that ended like this, where there was just absolutely no colorable or plausible basis for our own jurisdiction. I do not have a case... But you haven't seen it. Herbson 1 says the other way either. Exactly. And the statute of 28 U.S.C. 1630, the language of 28 U.S.C. 1631, does not draw any such distinction. I mean, I suppose you could say that if it's truly frivolous and knowingly frivolous, then you could say it wouldn't be in the interest of justice to transfer it. So maybe the interest of justice standard sort of accounts for frivolousness situations by saying that, well, then the court is free to say that it's not in the interest of justice. But I take it your argument would be this isn't that kind of case because there's actually at least some basis for... enough of a basis for understanding why a pro se litigant would have filed here that interest of justice would still support transfer. That's true, Your Honor. And then furthermore, his underlying challenge to the board's... to the board's decision here is also not frivolous. He has a culpable claim that the board here completely failed to even mention his central argument below. And under black letter principles of administrative law, that is just... that's just totally wrong. No matter what you think about the record as a whole, the board cannot just ignore Mr. Perry's central allegations here. And that is what it did. And so what he... Mr. Perry has been an employee... was an employee of the government for almost 30 years. He's just trying to obtain a hearing here in the district court, in the board, and he's been thwarted at every turn by this complicated jurisdictional scheme and now by the government's attempts to further complicate it. He wants a hearing in the district court, he wants a hearing in the board, and that's all he asks for. Okay. Thank you very much. Thank you, Your Honor. We'll hear from the board's attorney. May it please the court. Stephen Fung for the Marriage Assistance Protection Board. This case should be transferred to the federal association because neither this court nor the district court have jurisdiction to hear the board's... or to review the board's decision. Can you just answer quickly my question? I'm sure I probably just misread something, but if Mr. Perry had won, where could the government take the appeal? Would they have to go to district? Say they'd won. They said there was jurisdiction for the board and then address the discrimination claim and found discrimination and wanted to appeal. What would happen? Where would you go? Actually, the relevant section for there is actually 7703A with A1, which states that only the employee or the appellant can appeal to a decision of the board if they're adversely affected by a decision of the board. The government does not have the right in just a standard board decision saying that the employee wins to appeal that decision to the federal circuit. I thought the OPM or something, if they found it was an important question for administration of the statute, could take such an appeal. Is that not right? Yes, OPM can, but no other government agency could. So it would have to be OPM's decision based on... So if OPM wanted to appeal this case because it thought the board made a terrible jurisdictional error, where would they take it? They would take it to the federal circuit. That is correct. They can't go to district court? No. And what if they thought, in addition, the board made a terrible misinterpretation of the Age Discrimination and Employment Act on the merits? If they wanted to appeal both, or could they not? Well, OPM's decision to appeal would be because there was an error in interpretation of civil service law as it felt there would be. And the original purpose of the federal circuit and of the Civil Service Reform Act in the first place was to actually promote uniformity and consistency in the jurisdiction of the board's decisions, along with other agencies within the federal circuit's jurisdiction. And so in order to promote that sense of uniformity, those appeals and any appeal about civil service law or any other questions such as the board's jurisdiction should go to the federal circuit. And so I'm trying to clarify. So OPM can clearly disagree with the jurisdictional ruling in Harry's favor by the board and take that to the federal circuit. Could OPM ever appeal the board's discrimination decision with that standard that has an effect? I forget what the statutory standard is. It has an effect on the administration of the civil service laws. Could that ever happen based on an interpretation of how discrimination statute Title VII or age discrimination interacts with federal employees? Or could they just not appeal that? They could only appeal the jurisdictional question. I think based on 7703D1, which gives it the authority to interpret civil service law, I do not believe the discrimination laws would be covered within that. And I think the point of the statute is to give OPM the right to question the board's interpretation of civil service law and all civil service law was meant to be interpreted at the federal circuit. So I don't believe the federal... By the way, the jurisdictional question, under their theory, goes to a different place depending on who wins before the board. And under your theory, the jurisdiction question should go to the federal circuit right away. In a sense, but what's actually missing from that is that any determination of the board in which jurisdiction is found in a constructive action, such as a constructive removal, that appellant is actually automatically going to win that appeal at the board, usually for lack of due process, and therefore they would not be adversely affected by a decision of the board and would get whatever remedy they were seeking initially. I'm sorry, I didn't understand that. I didn't follow that. In a constructive action appeal, such as somebody... Constructive discharge is what you're talking about. Yeah, sorry, constructive discharge. If the appellant is alleging that they were forced to quit due to some improper agency action, then they would appeal that to the board. And if the board found that, in fact, they were forced to quit for whatever reason, they would be adjudicated as a removal. Under Section 7513, they are guaranteed certain procedures for any removal. And if they are found to have quit, they will not have received those procedures and there will automatically be a due process violation and the appellant will have won. And so they will not actually be aggrieved by the board's decision and not have a right to appeal. So in those circumstances only, they actually would not even receive a right to district court review because they will have won and received the remedies they're seeking. Even if they never raise a due process claim. So they don't raise the due process claim at all. They raise some other discrimination claim. The board can find a due process violation with or without the appellant raising it. Usually the nature of constructive discharge is that the boss is never going to say, here's your pink slip, here's your notice of your procedures. They're going to be forced out. And so inherently there's going to be an absence of the ordinary notice and process. Yes, in the typical constructive resignation claim, an appellant or an employee is going to feel they have to quit because of some situation and then will not have received the due process. It would be fine if there's only one issue, but you could have multiple issues before the board. They could have a disparate treatment, disparate impact, hostile work environment. And if they said, you know, hostile work environment was a constructive discharge. But I also think there was a separate instance of failure to promote me three years earlier based on gender discrimination and lost that one. So that, yes, you were forced out in 2005. You went on that claim under constructive discharge. But I'm denying your claim that two years earlier you should have been promoted and that was a product of gender discrimination. Then there is still going to be an interest in going to district court on at least the former claim. As for that specific example, that wouldn't be because a failure to promote is actually not within the board's jurisdiction. For reduction in pay. Yeah, reduction in pay. In that instance, there may be a right to go to the district court on that individual claim alone because that claim would probably be dismissed actually for timeliness and under Klockner that claim would go straight to the district court. But the other claim regarding the constructive discharge, it would not be a decision of the board from which they were adversely affected. And what would happen if there was a dismissal and it wasn't clear if the grounds for dismissal, like the failure to raise something in an earlier arbitration, really was jurisdictional or not? The employee says, no, that's just a procedural ruling. Failure to go through agency arbitration or something. And the agency says, no, no, no. Or the board says, no, we think that's actually jurisdictional. You have fights about what's jurisdictional. Courts do it all the time. Who should decide? What would happen then? They say it's procedural, so we get to go to Klockner. You say, no, no, it's jurisdictional. You should go to the federal circuit. Well, the board's jurisdiction is actually set by statute. And so if a claim such as that where maybe they went to the wrong forum first, elected the wrong remedy, or something along those lines, basically prevented them from having jurisdiction. This thing that says it applies to termination but not a termination on national security grounds. So they go, you know, or they say there was a wrong procedure for determining national security status. You're going to say, no, no, that's not appealable because it was a national security termination. They're going to go, you didn't follow the procedures for deciding whether I was a national security risk. That's a procedural problem, not a jurisdictional problem. It becomes a jurisdictional problem because under 7702A1A, the only actions which could be appealed to the district court, regardless of any procedure originally taking place at the agency level, are actions which may be appealed to the board. So if there is a problem where the type of removal, regardless of procedure, is not one that may be appealed, such as a national security removal, that's an action which specifically cannot or may not be appealed to the board, and therefore there is no jurisdiction and it must be reviewed at the federal circuit. I was curious as to why you didn't argue Powell at all in your brief. Is there something I'm missing in reading that? Basically because the statute, we felt, was clear and Klockner itself was clear, and Klockner excluded jurisdictional dismissals from its decision, so there really is no need to go further than that. But if you're arguing to a court of appeals, wouldn't you really a lot of times start with the fact that the court of appeals has a decision on point and that it would take something to overcome that? Yes, Your Honor, and frankly we could admit we just didn't feel it was necessary at the time based on Klockner. Based on the argument here, I can say that it certainly seems relevant, yes. And is the argument that you're making, does it stand at least in substantial tension with the argument that the government was making in Klockner? Because the government was arguing in Klockner based on some excerpts we've seen from the briefs and whatnot that there is no difference between procedure and jurisdiction. The government was arguing in Klockner that there was no difference between them based on the Federal Circuit's ruling in Ballantyne from 30 years ago now. We're arguing based actually along the lines of what the court found in Klockner, which was it defined a mixed case as only involving actions serious enough to appeal to the board. The government argued in Klockner that it should stay together along the lines of Ballantyne, assuming that both should go to the Federal Circuit. But the government also refused to concede in Klockner that had the court, as it did eventually, rule that procedural dismissals should go to the district court, that jurisdictional dismissals should follow it. Is it true that ordinarily in determining jurisdiction we take the facts in the light most favorable to the plaintiff while they have the burden? We credit their allegations of fact. Well, along those lines, a formula that actually does exist at the board in terms of the non-frivolous allegation standard, what is typically construed as viewing the facts in the light most favorable to the plaintiff in the 12B6 standard exists in a sense in the non-frivolous standard by defining a non-frivolous allegation as one that, if proven true, would establish the facts or would establish what was alleged. And that is what's necessary to get a jurisdictional hearing. But the allegation is taken at face value at that point? Yes. And if it's taken at face value and if it is an allegation that, if proven true, would prove jurisdiction, then a jurisdictional hearing isn't allowed for the appellant. Well, I know there's this whole non-frivolous and then you get the hearing and then we decide jurisdiction. What I'm trying to figure out is that was all after Congress wrote the statute. And my question is, would Congress, when it wrote a statute that turned upon the nature of the action for which review is sought, and you have these cases where jurisdiction and the merits are one and the same, would Congress have understood, you have these two rounds that you do in your procedure, would Congress have thought the characterization of the action would turn upon taking the facts in the light most favorable to the plaintiff or petitioner, that it states the type of action that is reviewable by the board? And that could be enough for the statutory jurisdiction in our statutory interpretation question, could it not? But the issue is that resignation is actually not something that's within the jurisdiction of the board. Removal is. I'm sorry, but the whole case, was it a resignation or was it a removal? And so do we think Congress is thinking, well, we won't know if you have jurisdiction until you've had your entire trial, or would Congress have thought that this was going to be an up-front determination because prong B is based on allegations, you decide that early on. And so wouldn't prong A equally be determined at the time the case is filed with the board? I actually disagree with that, Your Honor, because the word alleges is only in prong B, and it's not in prong A, and by using the word... Oh, I understand that. They can't just allege jurisdiction. They can't say, I allege that you have jurisdiction over my failure to get a bonus last year. That wouldn't be sufficient. But if taking the facts in the light most favorable, the facts only in the light most favorable to the petitioner, then they have identified a substantive action that falls within the statutory list of things that are reviewable, and that would be A. So that's the difference between the allegation language. It's just a question of, does Congress want the prong A determination to be made at the same time the prong B determination is being made? I can't speak to Congress's intent as to whether they construed them to be, or whether they thought they would be determined at the same time, but what I can say is that, like I said before, a resignation itself is not an appealable action, and it's the Board's own precedent and the Federal Circuit's precedent, and I believe the Court of Claims before it, that allowed resignations to be construed as removals under certain circumstances. But until that resignation becomes established as an involuntary resignation, it doesn't meet the terms of the statute and can't qualify as a mixed case. Can I ask you this question, which is getting back to the way that I was trying to construe the statute, and I know that your amicus counsel pointed out that there's a potential issue with 7702E, and I understand that, but is there a reason that the government, besides that, or maybe you think that argument is dispositive, but is there a reason that the government doesn't construe May appeal in the way that I was suggesting, which is that if you look at it at the time of the action, the question whether there's jurisdiction turns on the nature of the action, so either you have the ability to appeal or you don't. But if you look at it in terms of timeliness, that's based on things that happen after the time of the action. So as to those, you may appeal it, it's just that something might happen later on because the party slept on its rights or because it either waited too long or didn't wait long enough, but at the time of the action, we don't know any of that. So that thing can be appealed. I believe that is actually how we interpret it, though, Your Honor. It is. Because I thought what you were focused on in your brief as a basis for drawing a textual distinction is what the footnote in Conferto pointed to, which is that there can be waiver. And it's true that in situations in which there can be waiver, you could turn out to have the ability to take the appeal, the board can take the appeal. But I guess I'm trying to make a different point, which is take waiver out of the equation. The question is, at the time of the action, can it be appealed? And just because things that come along with respect to timeliness later on, they don't call into question that at the time of the action it can be appealed. Whereas for jurisdictional things, at the time of the action, we know whether it can be appealed or not based on the nature of the action. And I think when we reference waiver, we are trying to argue something along what you're stating right now, which is that certain actions at the time of the action may be appealed and certain actions may not. A 10-day suspension may not be appealed, but a 20-day suspension may. And certain actions may be appealed, such as a 20-day suspension, but if something happens, such as they slept on it or they filed late for any other reason, it will be dismissed, but that does not mean the action may not be appealed in the first place. The way I see a distinction, and the reason I'm asking this is because I think there's probably something wrong with this, which is why, as I understood it, you didn't make the argument, but for timeliness rulings, at the time of the action, we don't know yet whether there's going to be a timely appeal. So the person who's supposed to take the appeal can just wait too long. Now, I thought your response to that was, yeah, but that can be waived. So it turns out it still can be appealed. And I guess what I'm saying is I don't even care about waiver, because I'm looking at it at the time of the action, and I'm saying, yeah, it can be appealed. So waiver just never even enters into the equation for me. I think the waiver response, though, is more in line with people or with Judge Dyke's dissent in Conforto, and the waiver argument actually originally arose from the majority in Conforto, where Judge Dyke believed that an action which was appealed 60 days or 90 days or 120 days after the original adverse action may not be appealed because it was dismissed for timeliness. And the waiver argument is meant to say, no, those actions still may be appealed. They just were dismissed because they did not comply with the Board's procedures. Right, and I guess what I'm saying is there's an argument that that's just asking the wrong question, because the question is, could that have been appealed at the time of the action? And at that point, we don't know whether the person's going to go in 60 days, 90 days, or 120 days. The question is, at the time of the action, can it be appealed? And the answer is yes. So we never even care about waiver because we look at it at the time of the action and we say, yes, it could have been appealed. That's the textual distinction. Now, there must be something wrong with that, but when I read the statute, that's the way I look at it. I'm not certain I actually see anything wrong with that. I believe that we're arguing the same point, that the action may be appealed or may not be appealed. Okay, all right. Well, maybe it's that does the Board have the power to entertain, to review that action? And in cases of timeliness, it has the power. Timeliness things can be waived. They aren't jurisdictional. So it has the power. And I take it your argument is here they just don't have the power because it was a retirement. Voluntary resignation, yes. Or they say you have the power because it was actually a covert termination. What they're alleging is that the Board has jurisdiction because it was an involuntary resignation. And what we're saying is until it is established as an involuntary resignation, it is not within the jurisdiction of the Board. So that gets back to the question about at what point in time would Congress want the Board to have evaluated whether it had the power, complaint or end of hearing? Congress actually gave the Board authority to set its own regulations to adjudicate its decisions in 1204H. And one of those regulations we set was our procedures in determining whether such an action is within the jurisdiction of the Board. And so by giving us that authority, I think they left it to the Board to determine when it should determine if something is within its jurisdiction. Thank you very much, Mr. Foster. Thank you. Ms. Tableson, we'll give you back a minute. Your Honors, Judge Millett, I think, was asking a question that goes to the core of this case, which is at what point in time do we decide whether the elements of 7702A1 are satisfied? And there is an answer to that question. If we look at the rest of 7702, it's clear that you have to be able to answer the question about 7702A at the time the employee files the case, at which point all he has are his allegations. So if the employee claims to have suffered, for example, an involuntary termination and claims that it was motivated by discrimination, then 7702A is satisfied. If that is not the case, then the rest of 7702, which sets deadlines that run from the time of filing and provides, in E, an immediate right of district court appeal if the Board does nothing in 120 days, makes no sense. Kleckner is consistent with that interpretation. As Kleckner reflects, the May appeal language in 7702A1A is not defeated by an ultimate Board decision that the appeal cannot go forward for any reason, procedural in that case or jurisdictional, what I'm arguing here. As a result, there's really only one way to understand this statute and to understand what a mixed case is. And, in fact, it is consistent with the way a mixed case is defined in the applicable regulations. It's a case in which the employee claims to have suffered a personnel action appealable to the Board and claims that that action was motivated by discrimination. Thank you, Your Honors. If there are no further questions. Great. Ms. Tableson, you were appointed by the court to represent the appellate in this case. And the court thanks you for your excellent assistance and thanks to all the counsels for an excellent argument. The case is submitted.
judges: Griffith, Srinivasan, Millett